**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

Hon. Michael B. Kaplan　　　　　　　　　　　　　　　　　　　　　　609-858-9360
United States Bankruptcy Judge　　　　　　　　　　　　　　　　　609-989-2259 Fax

December 6, 2019

Michael Herz, Esq.
Fox Rothschild LLP
101 Park Avenue, 17th Floor,
New York, NY 10178
*Attorney for Eric R. Perkins, Chapter 7 Trustee*
*for Plaintiff, The Robert Legere Companies*

Justin A. Meyers, Esq.
G. Martin Meyers, P.C.
35 W. Main Street, Suite 106
Deville, NJ 07834
*Attorney for Defendants Gary Meyers, Esq.,*
*The Law Offices of G. Martin Meyers, P.C.,*
*Dr. Neil Kahanovitz and Suzanna Kahanovitz*

　　　　　　　　Re:　**In re Robert Legere Companies**
　　　　　　　　　　　Case No.: 16-34085
　　　　　　　　　　　Adv. Pro. No.: 18-01641

Counsel:

　　　This matter comes before the Court on a motion (ECF No. 16) filed by Eric R. Perkins, the chapter 7 trustee (the "Trustee") for The Robert Legere Companies, Inc. (the "Debtor") and plaintiff in the above-captioned adversary proceeding, seeking partial summary judgment in his favor as to Counts One and Three of his complaint against defendants Gary Meyers, the Law Offices of G. Martin Meyers, P.C., Dr. Neil Kahanovitz, and Suzanne Kahanovitz (the "Kahanovitzes") (collectively, the "Defendants") under 11 U.S.C. §§ 547(b) and 550(a). Specifically, the Trustee seeks partial summary judgment in favor of the Trustee (1) avoiding

certain transfers pursuant to § 547(b) of the Bankruptcy Code; (2) awarding the Trustee recovery of $2,000.00 from the Meyers Law Firm and $28,000.00 from the Kahanovitzes pursuant to § 550(a); (3) disallowing any claims filed by the Kahanovitzes to the extent they remain liable to the bankruptcy estate; and (4) dismissing the remaining count of Trustee's Complaint, Count Two, thereby fully disposing of this adversary proceeding.

The Court has read all the submissions, considered the arguments made during the hearing on October 24, 2019, and has reviewed the supplemental letters submitted by respective Counsel on October 31, 2019 and November 7, 2019. For the reasons set forth below, the Trustee's motion for partial summary judgement is GRANTED. The transfers are subject to avoidance and recovery pursuant to 11 U.S.C. §§ 547(b) and 550(a). At the request of the Trustee, Count Two of the Trustee's Complaint is hereby dismissed and therefore will not be addressed.

**I.     Background**

The facts of this case are well known to the parties and the Court and therefore need not be repeated in great detail here. The Debtor filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code on December 20, 2016. Prior to the filing, the Debtor had entered into a settlement agreement with the Kahanovitzes, as well as several other third parties, on October 19, 2016 (the "Settlement Agreement") to resolve a state court action (the "State Court Action") in the Superior Court of New Jersey, Law Division, Ocean County, under docket number OCN-L-156-16. The Settlement Agreement instructed the Debtor, as defendant to make two payments (the "Transfers") with the first installment of $20,000.00 due on November 1, 2016 and the second installment of $10,000.00 due on January 31, 2017. Two payments were made by check from the Debtor's bank account. The first check for $20,000.00 was dated October 27, 2016, and the second check for $10,000.00 was dated October 31, 2016. Co-Defendants, Gary Meyers, Esq.

and the Law Offices of G. Martin Meyers, P.C. received $2,000.00 from the total amount transferred for their work representing the Kahanovitzes in the State Court Action.

## II.  Summary Judgment Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  As the Supreme Court has indicated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986) (citing FED. R. CIV. P. 1).  "In deciding a motion for summary judgment, the judge's function is to determine if there is a genuine issue for trial." *Josey v. John R. Hollingsworth Corp.,* 996 F.2d 632, 637 (3d Cir. 1993).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Huang v. BP Amoco Corp.,* 271 F.3d 560, 564 (3d Cir. 2001) (citing *Celotex Corp.,* 477 U.S. at 323, 106 S. Ct. 2548).  In determining whether a factual dispute warranting trial exists, the court must view the record evidence and the summary judgment submissions in the light most favorable to the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).  Disputed material facts are those "that might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute is genuine when it is "triable," that is, when reasonable minds could disagree on the result. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986) (citations omitted).

"Once the moving party establishes the absence of a genuine dispute of material fact, however, the burden shifts to the non-moving party to 'do more than simply show that there is some metaphysical doubt as to the material facts.'" *In re Moran-Hernandez*, 544 B.R. 796, 800 (Bankr. D.N.J. 2016) (quoting *Matsushita,* 475 U.S. at 586, 106 S. Ct. 1348). A party may not defeat a motion for summary judgment unless it sets forth specific facts, in a form that "would be admissible in evidence," establishing the existence of a genuine dispute of material fact for trial. FED. R. CIV. P. 56(e) (providing that in response to a summary judgment motion the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine [dispute] for trial"); s*ee also Fireman's Ins. Co. of Newark, N.J. v. DuFresne,* 676 F.2d 965, 969 (3d Cir. 1982); *Olympic Junior, Inc. v. David Crystal, Inc.,* 463 F.2d 1141, 1146 (3d Cir. 1972). If the nonmoving party's evidence is a mere scintilla or is not "significantly probative," the court may grant summary judgment. *Liberty Lobby, Inc.*, 477 U.S. at 249–250. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita,* 475 U.S. at 587.

### III.     The Amounts Transferred Constituted Interests in Property Held by the Debtor

Defendants first contend that the funds transferred were not the Debtor's property, but rather were subject to a constructive trust because the Transfers were wrongfully taken from the Kahanovitzes by means of fraud. Section 541(a)(1) provides that "all legal or equitable interests of the debtor" become property of the bankruptcy estate. A "constructive trust" is "[a]n equitable remedy by which a court recognizes that a claimant has a better right to certain property than the person who has legal title. This remedy is commonly used when the person holding the property acquired it by fraud. . . ." *Trust*, BLACK'S LAW DICTIONARY (11th ed. 2019). A number of cases

4

this Court finds persuasive hold that "court recognition of the existence of the constructive trust removes the property from within the definition of 'property of the estate.'" *In re Advent Mgmt. Corp.*, 178 B.R. 480, 488 (B.A.P. 9th Cir. 1995), *aff'd*, 104 F.3d 293 (9th Cir. 1997); *see also In re Robert*, 2007 WL 2406926 (Bankr. D.Vt. Aug. 17, 2007). However, merely because certain of the Defendants feel entitled to a constructive trust is not sufficient for this Court to impose one. Section 541(d) "does not authorize bankruptcy courts to recognize a constructive trust based on a creditor's claim of entitlement to one." *In re Morris*, 260 F.3d 654, 666 (6th Cir. 2001). "In bankruptcy . . . the constructive trust will not be given effect if it is against the federal bankruptcy policy favoring ratable distribution to all creditors." *In re Advent Mgmt. Corp.*, 178 B.R. at 489 (internal citations omitted).

Like the Defendants in this matter, the defendant in *Robert* sought to defend against an avoidance action brought to recover funds paid pre-petition by a debtor to settle consumer fraud claims. *In re Robert*, 2007 WL 2406926. The defendant in *Robert* contended that settlement funds he had received from the debtor were not property of the estate because they were held in trust. *Id*. at 10. While the defendant argued that a "constructive trust" was formed due to this exchange, the bankruptcy court rejected the argument noting, that the state court had failed to declare the existence of a constructive trust, as the action was terminated prior to judgment. In addition, despite the defendant's numerous allegations of wrongdoing by the debtor, the defendant failed to produce any evidence to suggest that any wrongdoing did in fact occur. *Id*. at 11.

In the present matter, the parties entered into the Settlement Agreement to resolve claims against the Debtor in the State Court Action. The language of the Settlement Agreement specifically states that "Plaintiffs and Defendants release, give up and forever discharge any and all claims and rights which they have or may have against each other." *Stipulation of Settlement,*

5

*¶ 5,* ECF No. 16-4. Settlement agreements are treated as contracts under New Jersey law. "An agreement to settle a lawsuit is a contract which, like all contracts, may be freely entered into and which a court, absent a demonstration of 'fraud or other compelling circumstances,' should honor and enforce as it does other contracts." *Lawton v. CVS Pharmacy*, No. 06-3406, 2007 WL 980451, at *2 (D.N.J. Mar. 28, 2007) (citing *Pascarella v. Bruck*, 190 N.J. Super. 118, 124–25, 462 A.2d 186, 190 (App. Div. 1983). As such, this Court need not judge the merits of the agreement entered into by the parties, nor adjudicate the original claims against the Debtor, but rather simply examine whether the pre-petition payment to a creditor in exchange for that creditor's dismissal of a pending lawsuit constitutes an avoidable preferential transfer. In this case, there has been no judicial finding of an intention to create a constructive trust or any actual fault on the part of the Debtor, and a mere belief that one may have prevailed in state court is not sufficient for this Court to impose a constructive trust due to unjust enrichment. Thus, the funds transferred pursuant to the settlement belonged to the Debtor, and this Court may evaluate whether such Transfers are subject to avoidance under § 547(b) of the Bankruptcy Code.

### IV.    Discussion of 11 U.S.C. §§ 547(b) and 550(a)

The Trustee contends, and the Defendants dispute, that the $30,000.00 payments made to the Defendants from Debtor's bank account were a "transfer" as defined under § 547 of the Bankruptcy Code that may be recovered subject to § 550.

> [T]o prevail in a preference action, the trustee must prove that a transfer of 'property of the debtor' took place and that the transfer met the criteria listed in § 547(b). In addition, the trustee must overcome any § 547(c) defenses raised by the transferee. Funds held in trust do not constitute 'property of the debtor,' and therefore are not recoverable as a preference under § 547(b).

*Begier v. U.S., I.R.S.*, 878 F.2d 762, 765 (3d Cir. 1989), *aff'd sub nom. Begier v. I.R.S.*, 496 U.S. 53, 110 S. Ct. 2258, 110 L. Ed. 2d 46 (1990). As this Court has determined that a constructive trust

was not created here and that the transferred funds were property of the Debtor, this Court need only examine the remaining factors under § 547(b) and whether the Defendants raise any viable defenses under § 547(c).

Section 547(b) provides that a "trustee may avoid any transfer of an interest of the debtor in property" under the following conditions:

> (1) [made] to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made—
>     (A) on or within 90 days before the date of the filing of the petition; or
>     (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if—
>     (A) the case were a case under chapter 7 of this title;
>     (B) the transfer had not been made; and
>     (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

"The determination as to whether a transfer is an avoidable preference is a two-step process. First, the Trustee . . . has the burden of proving the five elements of a preference. Once a prima facie case of preference is established, the defendant, pursuant to 11 U.S.C. § 547(g), has the burden of proving that the transfer is excepted from the preference rule." *In re Fonda Grp., Inc.*, 108 B.R. 956, 958 (Bankr. D.N.J. 1989) (internal citations omitted); *see also In re Robert*, 2007 WL 2406926. Should the defendant fail to show that the preference falls under an exception, then the trustee may "recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property from— (1) the initial transferee of such transfer . . . ." 11 U.S.C. § 550(a)(1).

### A. The Transfers Were Made Within 90 Days of the Petition Date and for the Benefit of the Defendants While Debtor was Insolvent

The first, third and fourth factors determining whether a payment is a preferential transfer are not contested by the parties and are deemed satisfied. Pursuant to the Settlement Agreement, the Debtor made two payments from the Debtor's bank account to the Kahanovitzes within 90 days of the Debtor's filing of the chapter 7 petition on December 20, 2016. The first check for $20,000.00 was dated October 27, 2016, and the second check for $10,000.00 was dated October 31, 2016, even though the payment was not due under the terms of the Settlement Agreement until January 31, 2017— after the bankruptcy filing. Additionally, a debtor is presumed insolvent during the ninety days preceding the filing of the petition. *See* 11 U.S.C. § 547(f). *In re Roblin Indus., Inc.*, 78 F.3d 30, 34 (2d Cir. 1996). Defendants do not rebut this presumption and thus, these three factors are satisfied.

### B. The Transfers Were made on Account of an Antecedent Debt

The second factor of § 547(b) concerns whether the debt was an antecedent debt owed by the debtor before such transfer was made. "A debt is *antecedent* for the purposes of § 547(b) if it was incurred before the debtor made the allegedly preferential transfer," and such debt is deemed to have been incurred the day the debtor was legally bound to pay. *Peltz v. New Age Consulting Servs., Inc.*, 279 B.R. 99, 102 (Bankr. D. Del. 2002) (emphasis in original).[1]

---

[1] In *Peltz*, the court— as with countless other courts both inside and outside the Third Circuit— distinguishes and limits the Third Circuit's holding in *Lewis v. Diethorn*, 893 F.2d 648 (3d Cir. 1990), which, without analysis, held that settlement payments cannot be made on account of an antecedent debt. *Id*. at 650. The holding in *Lewis* was bottomed on the defendant's release of an equitable lien as part of the exchange. The *Lewis* decision has been oft-criticized and not widely followed. *See, e.g.*, *In re Liquid Holdings Corp, Inc.*, No. 18-50151, 2018 WL 6841351 (Bankr. D. Del. Nov. 14, 2018); *Nathan & Miriam Barnert Mem'l Hosp. Ass'n v. Onward Healthcare, Inc.*, No. 07-02261, 2009 WL 3230789 (Bankr. D.N.J. Oct. 5, 2009). This Court also limits *Lewis* to the facts therein.

8

Defendants contradict themselves in their Response to the Trustee's Statement of Undisputed Facts and their Supplemental Statement of Disputed Material Facts submitted to this Court (ECF No. 20). Defendants admit the "**transfers were on account of an antecedent debt** shared by the Debtor and its principals, and then say the opposite in their Supplemental Statement asserting the "**the transfers were not on behalf of an antecedent debt** owed by the Debtor." *Defendants' Response to Plaintiff's Statement of Undisputed Material Facts ¶ 9*, ECF No. 20; *see also Defendants' Supplemental Statement of Disputed Material Facts ¶ 4*, ECF No. 20 (emphasis added). This argument is continued in their Opposition further asserting that the transfers were not an antecedent debt of Robert Legere, Inc., but rather that of four parties, including the Debtor and three individuals who signed the Settlement Agreement. *See Defendant's Brief in Opposition*, ECF No. 20. This Court disagrees with the Defendants' reasoning. Defendants argue that because the Settlement Agreement was signed by four defendants, the Trustee should be permitted only to avoid one-fourth of the total transferred amount. Defendants' reliance on *In re Taco Ed's, Inc.*, 63 B.R. 913, 918 (Bankr. N.D. Ohio 1986) is flawed. As the Defendants observe in their Opposition (ECF No. 20), the agreement at issue in *In re Taco Ed's, Inc.* to pay back loans to a bank lacked "any terms or conditions within those documents which bind the Debtor." *Id*. at 926. Here, the language in the Settlement Agreement is specific. "Defendants shall pay Plaintiffs the sum of $30,000 as follows: $20,000 on November 1, 2016 and $10,000 by January 31, 2017." *Stipulation of Settlement, ¶ 2*, ECF. 16-4. Debtor was a party to— and obligor under— a settlement agreement that failed to allocate liability among the defendants; however, the Debtor satisfied the obligations

9

owing under the agreement as evidenced by the checks from the Debtor's bank account. This Court is not inclined to reinterpret the Settlement Agreement and apportion the debt accordingly.[2]

### C. **The Transfers Enabled Defendants to Receive More Than They Were Entitled**

In responding to the fifth factor of § 547(b), Defendants neither deny nor contest the fact that they received more than what they would have received under chapter 7 of the Bankruptcy Code. Defendants received the entire amount owed to them under the Settlement Agreement and ultimately discontinued the State Court Action. Defendants held only an unsecured interest prior to the petition date, and as such, they are only entitled to what they would receive as a general unsecured creditor in a chapter 7 liquidation. Rather, they received the total $30,000.00 from the Debtor. It is uncontested that the $30,000.00 sum received by the Defendants represents a greater recovery than would be available to them as general unsecured creditors in the chapter 7 case.

Defendants further contend that the Trustee's motion to avoid the payments is "an affront to the consumer protection policies embodied in New Jersey's Consumer Fraud Act," and suggest that the payments they received from the Debtor in settlement of such fraud claims should not be subject to recovery by the chapter 7 Trustee. Defendants, however, point to no authority which either supports the proposition or provides for such a "public policy" exception to the statutory avoidance scheme. Rather, the Court has identified at least one decision, *In re Robert*, *supra*, which explicitly allows for such a recovery. The parties in *Robert* similarly entered into an agreement to settle a state court action premised on consumer fraud, misrepresentation and breach of contract. The terms of the settlement called for a payment by the debtor and for the release of claims against the debtor's property. The court in *Roberts* ruled in favor of the trustee and avoided the settlement

---

[2] Clearly, absent a bankruptcy filing, in the event of a default by the defendants under the Settlement Agreement, the Kahanovitzes would have been entitled to pursue each and every defendant, including the Debtor, for all amounts remaining due thereunder.

10

payment notwithstanding the underlying fraud claim against the debtor. This Court finds *Roberts* persuasive and rejects the Defendants' public policy argument.

Finally, in this case, the Defendants failed to present any evidence suggesting a viable defense under to § 547(c). The Trustee has established that the two payments from the Debtor to the Kahanovitzes totaling $30,000.00 are subject to avoidance as preferential transfers under § 547(b). Accordingly, pursuant to § 550(a), the Trustee may recover the Transfers for the benefit of the estate.

### V.    Discussion of 11 U.S.C. § 502(d)

Pursuant to § 502(d), "the court shall disallow any claim of any entity from which property is recoverable under section . . . 550 . . . of this title or that is a transferee of a transfer avoidable under section . . . 547 . . . of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section . . . 550 . . . of this title." At this time, the Defendants have not filed any proofs of claims against Debtor. Having satisfied the elements under § 547(b), the Trustee has met his burden in showing that the Defendants are liable for the Transfers. Should the Defendants fail to satisfy that liability, they are precluded from recovering on any claims in this bankruptcy proceeding.

### VI.    Conclusion

For the foregoing reasons, the Court finds that the Debtor transferred pursuant to the Settlement Agreement a total of $30,000.00 from the Debtor's bank account to the Defendants, within 90 days of the Petition Date, a period in which the Debtor is presumed insolvent. Such payments enabled the Defendants to receive more than they were otherwise entitled. Accordingly, all elements of §§ 547(b) and 550(a) have been satisfied and summary judgment in favor of the Trustee is warranted.  The Court will enter an Order granting the Trustee's motion for partial

summary judgment on Counts One and Three of the Complaint, dismissing Count Two of the Complaint, and terminating the adversary proceeding.

_/s/ Michael B. Kaplan_
Honorable Michael B. Kaplan
United States Bankruptcy Judge

Dated: December 6, 2019